THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. COLLINS TILLMAN and FLOYD BROWN, Appellants.— Judgment convicting defendants-appellants of the crime of robbery, first degree, after a jury trial, affirmed. Mangum, a cab driver, testified that on the night of March 6, 1964, at 174th Street and Bronx River Avenue, Bronx County, he was hailed by the three defendants. Defendant Tillman seated himself behind Mangum, defendant Anderson was seated at the extreme right side with defendant Brown between them. Mangum testified that Tillman leaned over and seized his money changer; that another defendant grabbed him around the throat and that he saw Tillman holding a gun. Mangum exculpated Anderson, his testimony being to the effect that Anderson did not have the gun and did not do or say anything during the altercation. Anderson was acquitted. Brown was acquitted of the Sullivan Act violation submitted to the jury solely against him. No exception was taken to the court's charge; no request was made by appellants for a charge as to robbery in the second degree. Our examination of the record establishes beyond reasonable doubt that the testimony, defense and jury arguments were grounded solely on the basis that one of the appellants seized the money changer and the other appellant seized the cab driver. Although this court may, in the interest of justice, in a proper case order a new trial even in the absence of an exception (*People* v. *Giamario,* 15 N Y 2d 939; *People* v. *Caverio,* 1 N Y 2d 657; *People* v. *Curtis,* 8 A D 2d 183), we are of the opinion this is not such a case because it was prosecuted and defended solely on the basis of robbery, first degree. The proof establishes beyond a reasonable doubt the charge of robbery in the first degree in that there was an unlawful taking committed by a person aided by an accomplice actually present. (Penal Law, § 2124, subd. 2.) Concur — Breitel, J. P., McNally and Steuer, JJ.; Rabin, J., dissents in the following memorandum: Defendants appeal from a judgment of conviction of robbery in the first degree. The complaining witness, a cab driver, testified to the following: The two appealing defendants, and defendant Anderson, were passengers in the driver's taxicab. Defendant Tillman sat right behind the plaintiff, while Brown sat in the middle of the back seat, with Anderson to his right. During the ride, Tillman leaned over

onto the front seat and grabbed the driver's money-changer which contained $11.35. Thereafter, one of the defendants, Tillman or Brown — the complaining witness could not say which — grabbed the driver about the throat. In the ensuing struggle the driver claims to have seen defendant Brown holding a pistol. The defendant Anderson was acquitted, and the appealing defendants were found guilty of the robbery charged. However, Brown, the only defendant charged with possessing a gun, was acquitted of that charge, there having been conflicting evidence as to whether the gun was in the possession of the defendant Brown, or was the property of, and in the possession of the complaining witness. For the reason that the facts in this case may well have supported a verdict of robbery in the second degree, as against defendant Tillman, I consider the failure of the Judge to so charge to be reversible error. It is clear that where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of a lower one, the lesser degree must be charged. (*People* v. *Mussenden*, 308 N. Y. 558.) Robbery in the first degree is defined, insofar as here pertinent, as " An unlawful taking * * * accomplished by force or fear * * * committed by a person: (1) Being armed with a dangerous weapon; or (2) Being aided by an accomplice actually present". (Penal Law, § 2124). As a result of the acquittal of codefendant Brown on the charge of possessing a gun, the only other evidence which might implicate Brown in the participation crime is the driver's testimony to the effect that he was grabbed about the throat by Brown, or Tillman. It would, therefore, have been possible for the jury to conclude from the evidence — as it did in the case of defendant Anderson — that Brown was innocent of the robbery charge, and that it was Tillman who grabbed the driver, and Tillman alone who perpetrated the robbery. Under this view of the evidence, the elements of robbery in the first degree would not have been proven, as against Tillman, for there would have been no unlawful taking while being armed with a gun, or being aided by an accomplice. Rather, the jury could have found that defendant Tillman was guilty of robbery, second degree (Penal Law, § 2126), in that there was an " unlawful taking, accomplished by force or fear * * * not under circumstances amounting to robbery in the first degree". While the argument may be made that the jury did in fact find defendant Brown guilty of robbery, and hence the charge of robbery in the first degree was proven, there being an unlawful taking, aided by an accomplice, the evidence must be viewed as the jury could have interpreted it at the time the charge was given. Furthermore, the significance of the failure to charge robbery in the second degree is highlighted by the fact that, under the charge as given, the jury had only two choices on the robbery charge, either to find Tillman guilty of robbery in the first degree, or to find him innocent of that charge. It should have been given an opportunity to consider the question of Tillman having been guilty of only robbery in the second degree. Of course, that would have necessitated a finding that Brown was not a participant in the crime, but the jury could very well have so found. While there was no request to have the lesser degree charged, no exception having been taken to the charge, this court still is empowered, in the interests of justice, to order a new trial. (*People* v. *Askew*, 19 A D 2d 130.) It could very well be that because of the limited charge, not only was Tillman prejudiced, but Brown as well. Accordingly, I would reverse and order a new trial.